IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FABIAN PONTITLA PEREZ,                  §
                                        §
        *Petitioner*,                   §
                                        §
v.                                      §
                                        §        CIVIL ACTION NO. 9:26-CV-00197
BRET A. BRADFORD, HOUSTON FIELD         §        JUDGE MICHAEL J. TRUNCALE
OFFICE DIRECTOR FOR DETENTION AND       §
REMOVAL, U.S. IMMIGRATION AND           §
CUSTOMS ENFORCEMENT, DEPARTMENT         §
OF HOMELAND SECURITY; KRISTI NOEM,      §
SECRETARY, DEPARTMENT OF                §
HOMELAND SECURITY; DEPARTMENT OF        §
HOMELAND SECURITY; PAM BONDI, U.S.      §
ATTORNEY GENERAL; IMMIGRATION           §
CUSTOMS ENFORCEMENT; ALEXANDER          §
SANCHEZ, WARDEN OF IAH POLK ADULT       §
DETENTION FACILITY,                     §
                                        §
        *Respondents*.                  §

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Fabian Pontitla Perez ("Pontitla Perez")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

**I. BACKGROUND**

Petitioner Pontitla Perez is a Mexican National. [Dkt. 1 at ¶ 11]. On November 1, 2025, United States Immigration and Customs Enforcement ("ICE") detained Pontitla Perez. *Id.*

On March 3, 2026, Pontitla Perez brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution. [Dkt. 1].

**II. LEGAL STANDARD**

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the

1

Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

### A. Due Process

Pontitla Perez argues that the Government violated procedural and substantive due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Pontitla Perez were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Pontitla Perez's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Pontitla Perez's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Pontitla Perez's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Pontitla Perez's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the

---

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Pontitla Perez's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Pontitla Perez's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Pontitla Perez to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

### IV. CONCLUSION

It is therefore **ORDERED** that Pontitla Perez's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 7th day of April, 2026.**

_____
Michael J. Truncale
United States District Judge

3